UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY NATIONAL BANK,<br><br>    Defendant. | Case No. 23-cv-03195-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

This is a mortgage discrimination case. Before the Court is Defendant City National Bank's ("CNB") motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion to dismiss for the following reasons.

**I.   BACKGROUND**

On July 23, 2018, Plaintiff Elaine Brown opened an account with City National Bank. ECF 1 ("Compl.") ¶ 28.[1] On June 10, 2019, Brown sought a $335,000 home loan from CNB to purchase a condominium in Emeryville, California. *Id.* ¶¶ 4, 31-32. The following day, CNB provided her with loan rates for the condominium and Brown provided CNB with the requested documents. *Id.* ¶¶ 34-36. On June 24, 2019, CNB determined that Brown's application was "incomplete," and requested additional documents, which Brown submitted on July 9, 2019. *Id.* ¶¶ 40-42. As of July 3, 2019, Brown had $137,715.42 in her account, an amount that did not

---

[1] For the purposes of this motion to dismiss, the Court accepts all factual allegations in the Complaint as true and construes the pleadings in the light most favorable to the Plaintiffs. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

fluctuate significantly throughout the rest of July.  ECF 17-1 ("RJN Ex. 3")[2] at 4.  By letter, dated July 11, 2019, CNB notified Brown that it denied the home loan because of her "excessive obligations in relation to income" and "insufficient funds to close the loan."  Compl. ¶¶ 5-6, Ex. 16 at 79.

In January of 2023, Brown discovered that the United States Department of Justice ("DOJ") had filed a complaint in United States District Court for the Central District of California against CNB, and that the parties agreed to a Consent Order.  *Id.* ¶¶ 7-8.  The DOJ lawsuit alleged that CNB engaged in discriminatory lending practices by failing to provide equal access to credit to residents in majority-Black and Hispanic neighborhoods in Los Angeles and by discouraging those residents from applying for home loans, resulting in a disproportionately low number of loan applications and home loans from those neighborhoods.  *Id.*, Ex. C at 148-49.

Brown filed a complaint against CNB on June 27, 2023.  She alleges that CNB denied her home loan pursuant to its "admitted illegal pattern and practice of redlining" and that it had no legitimate business reason for denying her loan.  *Id.* ¶ 9.  She further avers that CNB admitted to redlining in Los Angeles in the Consent Order and that such redlining occurs with the same frequency in the Oakland metropolitan area.  *Id.* ¶ 10.[3]  Brown asserts claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619, Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and civil rights violations under 42 U.S.C. §§ 1981 and 1982, as well as state law claims for fraud, intentional and negligent misrepresentation, intentional infliction of emotional distress, violation of the Unruh Act, Cal. Civ. Code § 51, and the Unfair Competition

---

[2] The Court may take judicial notice of matters that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts may consider materials referenced in the complaint under the incorporation by reference doctrine, even if a plaintiff failed to attach those materials to the complaint.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  CNB seeks judicial notice of Brown's July 31, 2019, bank account statement and Brown does not oppose this request or question the document's authenticity.  Brown's CNB bank account is incorporated by reference in the complaint.  *See id.*; Compl. ¶¶ 2, 5, 30, 38, 120, 126.  Therefore, the Court takes judicial notice of the bank account statement.

[3] The Consent Order states that CNB "denies the allegations in the Complaint."  Compl., Ex. B at 123.

1  Law ("UCL"), California Business and Professions Code §§ 17200-17500.  CNB filed the instant

2  motion to dismiss on August 11, 2023, alleging that Brown's claims are time-barred and that she

3  fails to state a claim.  ECF 9 ("Motion").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint that fails to meet this standard may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

To overcome a Rule 12(b)(6) motion to dismiss, the factual allegations in the plaintiff's complaint "'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (alterations in original)).  "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  The court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."  *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008)).  "[T]he non-conclusory 'factual content' and reasonable inferences from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document.  *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The court may consider matters that are properly the subject of judicial notice, *Knievel*, 393 F.3d at 1076; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider documents referenced in the complaint and documents that form the basis of the plaintiffs' claims.  *See No. 84 Emp'r-Teamster Jt. Council Pension Tr. Fund v.*

*Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003).  If dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment.  *In re Daou Syst., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005).

**III.   ANALYSIS**

CNB moves to dismiss Brown's complaint in its entirety.  It argues that all of Brown's claims, except the cause of action under the Equal Credit Opportunity Act ("ECOA"), are time-barred.  CNB moves to dismiss the ECOA claim for failure to state a claim.  The Court considers these arguments in turn.

**A.   Time-Barred Claims**

CNB contends that a two-year statute of limitation applies to all of Brown's federal claims, other than the ECOA claim, and that they should be dismissed as time barred.  Motion at 14-15.  Brown argues that the discovery rule tolls her claims until January 2023, when she learned that the DOJ accused CNB of discriminatory lending practices in Los Angeles, and CNB entered into a Consent Order in the U.S. District Court for the Central District of California.  ECF 15 ("Response") at 15-18.

Brown alleges discrimination claims under the Fair Housing Act ("FHA"), and sections 1981 and 1982 of the Civil Rights Act of 1866.  Each of these causes of action are subject to a two-year statute of limitations.  *See* 42 U.S.C. § 3613(a)(1)(A) (FHA statute of limitations); Cal. Civ. Proc. § 335.1 (two-year California statute of limits for personal injury claims); *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) ("When, as here, a federal civil rights statute does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts"); *see, e.g.*, *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 (9th Cir. 2022) (citation omitted) ("The statute of limitations for federal civil rights claims under sections 1981 . . . is 'governed by the forum state's statute of limitations for personal injury actions.'"); *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (applying California's two-year statute of limitations to a section 1983 action).

While state law sets the statute of limitations period, federal law determines when a claim accrues.  *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019).  A cause of action

1   typically accrues on the date of the plaintiff's injury, however the discovery rule postpones the

2   accrual of a cause of action until the plaintiff "knows or has reason to know of the actual injury."

3   *Lukovsky*, 535 F.3d at 1051; *see Coppinger-Martin v. Solis*, 627 F.3d 745, 749 (9th Cir. 2010) (a

4   claim accrues when the plaintiff "learns of the 'actual injury' . . . and not when the plaintiff

5   suspects a 'legal wrong'"); *see Bonelli*, 28 F.4th at 952.

6         The parties agree that Brown's federal causes of action are premised on CNB's denial of

7   Brown's loan application.  Motion at 15; Response at 15; *see* Compl. ¶¶ 104, 117, 130, 134, 138,

8   142.  However, Brown argues that because she only learned of CNB's discriminatory lending

9   practices on January 12, 2023, when she learned of the DOJ's complaint in federal district court,

10  the discovery rule tolls the accrual of her claims.  Response at 15.  The Court cannot agree.

11        Under the unambiguous text of the FHA, the statute of limitations "begins to run when the

12  discriminatory act occurs—not when it is encountered or discovered."  *Garcia v. Brockway*, 526

13  F.3d 456, 465 (9th Cir. 2008); *see* 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may

14  commence a civil action . . . not later than 2 years after the occurrence or the termination of an

15  alleged discriminatory housing practice . . .").  In *Rotkiske v. Klemm*, 140 S. Ct. 355, 360-61

16  (2019), the Supreme Court affirmed this general principle, declining to interpret the Fair Debt

17  Collection Practices Act's "violation occurs" language to allow for the limitations period to begin

18  to run on the date that the alleged violation is discovered.  The Court reasoned that because

19  Congress has set limitations periods to run from the date of violation or the date of discovery in

20  other statutes, the Court would not "second-guess Congress' decision to include a 'violation

21  occurs' provision, rather than a discovery provision" in the relevant statute.  *Id.* at 361.  The FHA

22  similarly includes language that the statute of limitations begins to run from "the occurrence" of a

23  discriminatory housing practice.  42 U.S.C. § 3613(a)(1)(A); *see Garcia*, 526 F.3d at 465

24  ("Holding that each individual plaintiff has a claim until two years after he discovers the failure to

25  design and construct would contradict the text of the FHA, as the statute of limitations for private

26  civil actions begins to run when the discriminatory act occurs—not when it's encountered or

27  discovered.").

28        Thus, Brown's statute of limitations under the FHA began to run when CNB denied the

loan application in July of 2019.  Accordingly, the statute of limitations expired in July of 2021.  Brown's later discovery of allegations against CNB for discriminatory lending practices cannot toll her claim and the Court **DISMISSES** this claim with prejudice.

As for the Civil Rights Act claims (counts three and four), the Ninth Circuit has clarified that a claim accrues "upon awareness of the actual injury . . . and not when the plaintiff suspects a legal wrong." *Lukovsky*, 535 F.3d at 1049-50.[4]  In *Lukovsky*, the Ninth Circuit affirmed the district court's ruling in an employment case that a claim accrued "when the plaintiffs received notice that they would not be hired . . . even if at that point in time, the plaintiffs did not know of the legal injury, i.e., that there was an allegedly discriminatory motive underlying the failure to hire." *Id.* at 1051; *see also Davis v. United States,* 642 F.2d 328, 331 (9th Cir. 1981) (holding that a Federal Tort Claims Act claim accrues when the plaintiff knew or in the exercise of reasonable diligence should have known the injury and its cause, but does not "defer accrual until fault . . . had been discovered").  Here, Brown was aware that CNB denied her loan application on July 11, 2019.  At that point, she knew that she had been injured and by whom, even if she did not suspect discriminatory motive underlying the loan denial.  *See Lukovsky*, 535 F.3d at 1051.  As such, her civil rights claims accrued on July 11, 2019, and expired in July of 2021, well before Brown filed her suit.  Accordingly, these claims are time barred and the Court therefore **DISMISSES** counts three and four with prejudice.

**B. Equal Credit Opportunity Act Claim**

CNB moves to dismiss Brown's Equal Credit Opportunity Act ("ECOA") cause of action for failure to state a claim.  Brown's argument in opposition focuses on her allegations in support of the FHA claim.  *See* Response at 18-23.  Because FHA and EOCA claims are analyzed similarly, the Court assesses Brown's ECOA claims through her FHA arguments.  *See, e.g.*, *Merritt v. Countrywide Fin. Corp.*, No. 09-CV-01179-BLF, 2016 WL 6573989, at *9-12 (N.D.

---

[4] The Ninth Circuit frequently looks to Title VII employment discrimination cases in examining discrimination issues under the Fair Housing Act.  *See Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1048 n.3 (9th Cir. 2007); *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997).

6

1  Cal. June 29, 2016), *aff'd*, 783 F. App'x 717 (9th Cir. 2019); *Canatella v. Reverse Mortg. Sols.*

2  *Inc*, No. 13-CV-05937-HSG, 2016 WL 6070508, at *2-5 (N.D. Cal. Oct. 17, 2016); *Ramirez v.*

3  *GreenPoint Mortg. Funding, Inc.*, 633 F. Supp. 2d 922, 927 (N.D. Cal. 2008).

4  The ECOA makes it unlawful "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction [] on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)." 15 U.S.C. § 1691(a); *see Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1210 (9th Cir. 2013).[5] To state a claim under the ECOA, the complaint must plausibly allege that (1) the plaintiff was an "applicant"; (2) the defendant was a "creditor"; and (3) the defendant discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class. *See* 15 U.S.C. §§ 1691(a), 1691e(a); *Harrison v. Wells Fargo Bank, N.A.*, No. C 18-07824 WHA, 2019 WL 2515582, at *3 (N.D. Cal. June 18, 2019) (citing *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009)). ECOA claims may be alleged under either a disparate treatment theory of discrimination or through evidence of disparate impact. *See Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2525 (2015) ("*Inclusive Communities*"); *Pfaff v. U.S. Dep't of Rous. & Urban Dev.*, 88 F.3d 739, 745 (9th Cir. 1996); *Miller v. Am. Exp. Co.*, 688 F.2d 1235, 1240 (9th Cir. 1982).

Under a disparate treatment theory, a plaintiff must plead that she: belongs to a "protected class"; (b) "applied for credit with defendants"; (c) was "qualified for credit"; and (d) "was denied credit despite being qualified." *Canatella*, 2016 WL 6070508, at *4; *see Green v. Cent. Mortg. Co.*, 148 F. Supp. 3d 852, 879 (N.D. Cal. 2015) (quoting *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1045 (N.D. Cal. 2009)). Discriminatory intent or motive is a necessary element of any disparate treatment claim under the ECOA. *See Wood v. City of San Diego*, 678

---

[5] The FHA makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).

F.3d 1075, 1081 (9th Cir. 2012) (requiring allegations of discriminatory intent in a disparate treatment claim under Title VII); *Gamble*, 104 F.3d at 304-05 (holding that the elements of Title VII discrimination claims, including allegations of disparate treatment, are the same as the elements for FHA discrimination claims).

CNB argues that Brown cannot make out a disparate treatment claim because she has failed to allege that CNB intentionally denied her loan application based on race. Brown argues that she alleges that CNB's actions had a "significant adverse effect on would-be loan applicants situated in Ms. Brown's position [and] [a]s such, Ms. Brown has alleged that City National's discriminatory motive caused [its] actions . . ." Response at 20. However, she fails to point to any allegations in the complaint of CNB's discriminatory motive. Instead, she references allegations of the effects of CNB's actions or inactions, which may relate to a theory of disparate impact but do not suffice to state a disparate treatment theory.

Brown also asserts a disparate impact theory. "[A] plaintiff bringing a disparate-impact claim challenges practices that have a disproportionately adverse effect on minorities and are otherwise unjustified by a legitimate rationale." *Inclusive Communities*, 135 S. Ct. at 2513 (internal citations and quotation marks omitted). To make out a disparate impact claim, plaintiffs must allege "a significant disparate impact on a protected class caused by a specific, identified . . . practice or selection criterion." *Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002). Although statistical data may be used to show disparate impact, "a disparate-impact claim that relies on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies causing that disparity." *Inclusive Communities*, 135 S. Ct. at 2523.

Brown alleges that CNB had only one branch in Oakland, marketed products to existing customers, disproportionately generated fewer loan applications and loans in majority-Black and Hispanic neighborhoods in Oakland, Compl. ¶¶ 15-19, 57-58, 63-66, 73, and that CNB's "policies of inaction [] intentionally excluded African American and Hispanic borrowers from accessing their loan services." Response at 20. However, Brown's injury does not follow from these allegations. Brown admits that she was an existing customer of CNB and received a loan application from CNB. Compl. ¶¶ 28-44. She does not allege that CNB had a policy of

1  systematically denying loan applications to qualified individuals in majority Black or Hispanic

2  neighborhoods. Nor does she connect CNB's alleged "policy of inaction" in certain

3  neighborhoods to her specific injury.[6] Ultimately, Brown fails to connect the allegations in her

4  complaint to her injury – the denial of her loan. Accordingly, the Court **DISMISSES** the ECOA

5  claim with leave to amend.

### C. State Law Claims

A district court may "decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996). Having dismissed Brown's FHA, ECOA, section 1981, and 1982 claims, the Court declines to exercise jurisdiction over Brown's remaining state claims and does not address CNB's arguments regarding dismissal of these claims.

### II. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** with prejudice counts one, three, and four under the FHA and Civil Rights Act as time barred. The Court **DISMISSES** the second cause of action under the Equal Credit Opportunity Act with leave to amend. The Court also **DISMISSES** the remaining state law claims without prejudice. If Brown can allege facts to plausibly state an ECOA claim, the Court will reconsider exercising supplement jurisdiction over

///
///
///
///

---

[6] This may be symptomatic of the Complaint borrowing heavily from the allegations in the DOJ complaint. The Court also notes that in support of this Court's subject matter jurisdiction, Brown improperly cites to statutes providing jurisdiction where the United States is plaintiff, or the Attorney General brings a civil action. Compl. ¶ 20 (citing 28 U.S.C. § 1345, 42 U.S.C. § 3614(a), and 15 U.S.C.§ 1691e(h)). Should Brown opt to amend her complaint, the Court urges her to fix these errors.

her state law claims.  Plaintiff may amend her complaint by no later than **February 19, 2024**.  No additional parties or claims may be added without leave of court or stipulation of Defendant.

**IT IS SO ORDERED.**

Dated: January 18, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**