UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY NATIONAL BANK,<br><br>    Defendant. | Case No. 23-cv-03195-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

Before the Court is Defendant City National Bank's ("CNB") motion to dismiss Plaintiff Elaine Brown's First Amended Complaint ("FAC"). This Order assumes familiarity with the facts of the case and the Court's January 18, 2024 Order dismissing Brown's initial complaint (ECF 19). The motion is fully briefed and suitable for decision without oral argument. *See* Civ. L.R. 7-6. Having read the parties' papers and carefully considered the arguments made therein, as well as the relevant legal authority, the Court hereby **GRANTS** the motion to dismiss for the following reasons.

I.    **DISCUSSION**

On February 19, 2024, Brown filed the FAC, alleging CNB violated the Equal Credit Opportunity Act ("ECOA") and related state laws because CNB denied her a home loan due to her race. ECF 20. On March 11, 2024, CNB moved to dismiss the FAC for failure to state a claim.[1]

---

[1] CNB requests that the Court take judicial notice of a page from the Consumer Financial Protection Bureau's ("CFPB") website and a page from the U.S. Census Bureau's website. ECF 10. Brown does not object to the request. Courts may take judicial notice of matters that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases). Thus, the Court judicially notices both documents. *See United States v. Dreyer*, 767 F.3d 826, 834 n.12 (9th Cir. 2014), *on reh'g en banc*, 804 F.3d 1266 (9th Cir. 2015)

1    ECF 22.

2            Under Federal Rule of Civil Procedure 12(b)(6), dismissal is required where a complaint
3    lacks either a "cognizable legal theory" or "sufficient facts alleged" under such a theory. *Godecke*
4    *v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). To allege
5    sufficient facts, a plaintiff must "state a claim to relief that is plausible on its face," i.e., factual
6    content that allows the court to draw the reasonable inference that the defendant is liable for the
7    misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*
8    *Twombly*, 550 U.S. 544, 570 (2007)). A court evaluating a motion to dismiss "accept[s] factual
9    allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the
10   nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.
11   2008). However, "allegations in a complaint . . . may not simply recite the elements of a cause of
12   action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable
13   the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir.
14   2014) (citations omitted). The Court may dismiss a claim "where there is either a lack of a
15   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."
16   *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011). The Court first considers the
17   sufficiency of Brown's ECOA claim before turning to her state law claims.

18   **A. Equal Credit Opportunity Act Claim**

19           CNB moves to dismiss Brown's ECOA cause of action for failure to state a claim. The
20   ECOA makes it unlawful "for any creditor to discriminate against any applicant, with respect to
21   any aspect of a credit transaction [] on the basis of race, color, religion, national origin, sex or
22   marital status, or age (provided the applicant has the capacity to contract)." 15 U.S.C. § 1691(a);
23   *see Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1210 (9th Cir. 2013). To state a claim
24   under the ECOA, the complaint must plausibly allege that (1) the plaintiff was an "applicant"; (2)
25   the defendant was a "creditor"; and (3) the defendant discriminated against the plaintiff with

---

27   ("We may properly take judicial notice of United States Census Bureau data."); *Wittbecker v.*
28   *Cupertino Elec., Inc.*, No. 20-CV-06217-BLF, 2021 WL 1400959, at *4 (N.D. Cal. Apr. 14, 2021) (judicially noticing a document published on the CFPB website).

United States District Court
Northern District of California

1   respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a

2   protected class. *See* 15 U.S.C. §§ 1691(a), 1691e(a). ECOA claims may be alleged under either a

3   disparate treatment theory of discrimination or through evidence of disparate impact. *See Texas*

4   *Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 545-46 (2015)

5   ("*Inclusive Communities*"); *Pfaff v. U.S. Dep't of Hous. & Urb. Dev.*, 88 F.3d 739, 745 (9th Cir.

6   1996).

7           CNB again challenges Brown's claim brought under a disparate impact theory. Brown

8   does not address CNB's arguments, *see* ECF 22 at 16-19, and thus concedes the issue, *see Qureshi*

9   *v. Countrywide Home Loans, Inc.*, No. C09-4198 SBA, 2010 WL 841669, at *6 n.2 (N.D. Cal.

10  Mar. 10, 2010) (dismissing without leave to amend claims plaintiff "abandoned" by failing to

11  respond to arguments defendant made in its motion to dismiss). In any event, Brown still has not

12  alleged a "specific, identified . . . practice or selection criterion" that caused a significant disparate

13  impact on a protected class. *Merritt v. Countrywide Fin. Corp.*, No. 09-CV-01179-BLF, 2016 WL

14  6573989, at *12 (N.D. Cal. June 29, 2016), *aff'd*, 783 F. App'x 717 (9th Cir. 2019) (citing *Stout v.*

15  *Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002)). Brown alleges that CNB failed to expand its loan

16  products and services in majority-Black and Hispanic neighborhoods in the Oakland-Emeryville

17  area, and that CNB engaged in discriminatory lending and redlining policies in Los Angeles. FAC

18  ¶¶ 12-20. This does not constitute a sufficiently specific, affirmative practice or policy, and

19  Brown fails to establish a nexus between her allegations and the denial of her loan application.

20  *See Merritt*, 2016 WL 6573989, at *12 ("Plaintiffs have failed to establish that this purported

21  policy, rather than Plaintiffs' own financials, led Defendants to offer them subprime loans. . . .

22  This defect is fatal to Plaintiffs' [ECOA] claim.") (citing *Inclusive Communities*, 576 U.S. at 541).

23          Moreover, the FAC fails to state a claim under the disparate treatment theory, which

24  requires Brown to plead that (1) she belongs to a "protected class"; (2) she "applied for credit with

25  defendants"; (3) she "qualified for credit"; and (4) she "was denied credit despite being qualified."

26  *See, e.g., Canatella v. Reverse Mortg. Sols. Inc.*, No. 13-CV-05937-HSG, 2016 WL 6070508, at

27  *2-5 (N.D. Cal. Oct. 17, 2016). Specific allegations of discriminatory intent or motive are

28  necessary for any disparate treatment claim under the ECOA. *See Wood v. City of San Diego*, 678

F.3d 1075, 1081 (9th Cir. 2012) (requiring allegations of discriminatory intent in a disparate treatment claim under Title VII); *Gamble v. City of Escondido*, 104 F.3d 300, 304-05 (9th Cir. 1997) (holding that the elements of Title VII discrimination claims, including allegations of disparate treatment, are the same as the elements for FHA discrimination claims). Discriminatory intent or motive means a "decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 259 (1979).

The FAC fails to sufficiently allege CNB denied Brown's loan at least in part because of her race. Brown asks the Court to infer discriminatory motive by considering together "the fact that Ms. Brown was unequivocally qualified for [the] loan," "the unequivocal public acknowledgment of CNB's discriminatory policies and practices in the City of Los Angeles," and "reasonable indicia that similar practices were befalling the Black and Hispanic communities in the Emeryville-Oakland census tract." FAC ¶ 52. Brown correctly contends that she need not supply direct evidence of discriminatory motive, but any circumstantial evidence still must "demonstrat[e] that a discriminatory reason more likely than not motivated" the defendant's conduct. *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1158 (9th Cir. 2013).

The Court cannot find, taking as true the facts before it, that a discriminatory reason more likely than not motivated the denial of Brown's loan. Brown argues the Court may infer from the Department of Justice ("DOJ") complaint and the resulting Consent Order that CNB has a "predilection . . . for affirmatively applying discriminatory animus when determining which communities it chose to offer its credit services." ECF 26 at 14. Relatedly, Brown alleges some of the CNB employees who handled her loan application were based in Los Angeles, and that those employees were "either privy to or involved in" CNB's purported discriminatory policies there. FAC ¶ 53. CNB argues Brown has not adequately connected the allegations of CNB's conduct related to the DOJ complaint with the denial of Brown's loan. ECF 27 at 4-5. The Court agrees. CNB denied the allegations in the DOJ complaint, but even if they were shown to be true, an allegation that its employees were aware of or implicated in discriminatory policies in Los Angeles is not a "specific allegation of discriminatory intent," and is thus insufficient for the Court

4

to infer that discriminatory intent drove CNB to deny Brown's loan specifically. *See Wood*, 678 F.3d at 1081. Even accepting as true Brown's allegation that she qualified for the loan,[2] the FAC would not establish that the denial was at least in part motivated by Brown's race, as the allegations are insufficient for the Court to conclude the denial of the loan was more likely motivated by Brown's race than by any other possible factor. *Pers. Adm'r of Massachusetts*, 442 U.S. at 259. Thus, the Court dismisses Brown's ECOA claim, as the FAC again fails to show discriminatory motive.

In response to the Court's order, ECF 32, the parties filed supplemental briefing addressing whether further amendment of Brown's complaint would be futile, ECF 33; ECF 34. Brown stated that "without knowing why the Court believes the current facts are insufficient, it is not possible for any party . . . to competently state whether a further amendment would be futile." ECF 33 at 3. She further states that she "alleged additional facts set forth in the amended complaint in paragraphs 21 through 48" and believes they cure the deficiencies the Court identified in its order dismissing the initial complaint. *Id.* However, nearly all of the allegations in paragraphs 21 through 48 of the FAC were alleged in the initial complaint. *Compare* FAC ¶¶ 21-48 *with* Complaint (ECF 1) ¶¶ 4, 28, 30-52. Because Brown has not cured the deficiencies the Court identified in the initial complaint, and has failed to identify additional facts she would allege in a second amended complaint, the Court determines amendment would be futile, *see Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (finding no abuse of discretion in denying leave to amend where the amendment would be futile). Brown's ECOA claim is therefore **DISMISSED** with prejudice.

### B. State Law Claims

As the Court dismisses Brown's ECOA claim, only her state claims remain. Courts have discretion to "decline to exercise supplemental jurisdiction over a claim . . . if [it] has dismissed all

---

[2] The parties dispute whether Brown has made an adequate showing of this element. *See* ECF 22 at 14-16; ECF 26 at 15-16. Because the Court finds Brown has failed to establish discriminatory motive, it need not resolve the issue. The parties do not dispute the remaining elements of a disparate treatment claim – i.e., that Brown belongs to a protected class and that she applied for and was denied a loan from CNB.

claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).  The Court thus declines to exercise supplemental jurisdiction and dismisses Brown's state law claims without prejudice.

## II.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** CNB's motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 19, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**